IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT HARRELL, #1270452, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-2162-K |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of aggravated sexual assault of a child in the 40th Judicial District Court, Ellis County, Texas, in Cause No. 28104-CR (Petition (Pet.) at 2). Punishment was assessed at life imprisonment. (*Id.*).

The Court of Appeals affirmed his conviction and sentence. *See Harrell v. State*, No. 10-04-00337-CR (Tex. App. -- Waco, 2005, pet. ref.). On February 8, 2006, the Texas Court of Criminal Appeals (TCCA) refused a petition for discretionary review. *See* No. PD-1884-05.[1]

On April 16, 2007, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure. *See* Attachment I. The TCCA denied the application without written order on the findings of the trial court without a hearing on June 13, 2007. *Ex parte Harrell*, No. WR-67,684-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =252279.[2]

In his federal petition, filed on December 26, 2007, Petitioner raises three grounds for habeas relief: ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct.[3]

<u>Findings and Conclusions:</u> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

---

[1] The docket sheets for Petitioner's direct appeal and petition for discretionary review are available as follows: http://www.10thcoa.courts.state.tx.us/opinions/case.asp?FilingID=7398, and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=239656.

[2] The federal petition alleges the state application was filed in "May 2007." (Pet. at 3). Since the April 16, 2007 filing date is more advantageous to Petitioner, the court relies on it in its analysis below.

[3] Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner failed to include the date on which he signed his petition. (*See* Pet. at 9). Therefore, absent additional information, the court is bound by the filing date of December 26, 2007. Nevertheless, the long delays in this case would render irrelevant any benefit of the mailbox rule.

2

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner's conviction became final for purposes of the one-year period on May 9, 2006, ninety days after the TCCA refused his petition for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2007); *Clay v. United States*, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The one-year period began to run on May 10, 2006, the day after his conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of April 16, 2007, the date on which Petitioner filed his art. 11.07 application, 341 days of the one-year limitations period had elapsed. The state application

remained pending until its denial on June 13, 2007, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on June 14, 2007, and expired twenty-four days later on Sunday July 8, 2007. Since that date fell on a Sunday, the limitations period was extended to Monday, July 9, 2007. *See* Fed.R.Civ.P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir.1998) (applying Rule 6(a)). Therefore, the federal petition, filed on December 26, 2007, is clearly untimely absent equitable tolling.

In response to the court's order to show cause, Petitioner asserts that the statute of limitations is an affirmative defense, which should be raised by Respondent, not the court. He, further asserts that the State of Texas violated Fed. R. Civ. P. 5(a) by failing to serve him with a copy of the state court record, which he claims would show that his petition is timely filed.

Even though the AEDPA one-year statute of limitations is an affirmative defense rather than jurisdictional, the court may raise it *sua sponte* consistent with Rule 4 of the Rules Governing Section 2254 cases, which permits the court to examine and dismiss habeas petitions prior to any state's response. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). In *Day v. McDonough*, 547 U.S. 198, 210-211, 126 S.Ct. 1675, 1684-85 (2006), the Supreme Court extended the *sua sponte* dismissal of a habeas case on limitations grounds to process issued cases. It held that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition even after the initial screening of the petition. *Id.* The Court recognized, however, that district courts should give a petitioner fair notice and an opportunity to present his position before *sua sponte* dismissing a habeas petition on limitations grounds. *Id.*

4

Here the court accorded Harrell due notice of the limitations issue and an opportunity to explain why his petition was timely filed or why equitable tolling should apply. Since the court did not issue process in this case, the State was not required to submit a copy of the state court record. Nonetheless, the court double checked all relevant dates on the state court's websites and verified the filing date of the 11.07 writ by obtaining a copy of the state court's docket sheet. *See* Attachment I. It is thus clear from the face of the petition that it is time barred and that no response is necessary. *See Kiser v. Johnson*, 166 F.3d 328 (5th Cir. 2006).

Harrell does not seek equitable tolling in his response to the court's show cause order. Moreover, his pleadings, even when liberally construed in accordance with his *pro se* status, do not warrant equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). He provides no explanation for the 341-day delay between the date his state judgment of conviction became final and the date he filed his state habeas application. Nor does he explain why he delayed an additional 195 days, following the denial of his state habeas petition, before filing this federal petition. Such unexplained delays make the circumstances of this case not

extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003) (3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

In sum, Petitioner is not entitled to equitable tolling and the petition should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Signed this 9th day of May, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and

conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**